UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TOPOWER COMPUTER INDUSTRIAL CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> XION, INC. aka AXPERTEC, INC; et al., <br><br> Defendants. | **Case No: C 08-3584 SBA** <br><br> **ORDER DENYING DEFENDANTS' MOTION TO CONSOLIDATE RELATED CASES WITH LEAVE TO FILE AMENDED COUNTERCLAIMS** <br><br> Docket 68 |
| SUPER FLOWER COMPUTER, INC.; TSUNG-YEN TSAI, <br><br> Plaintiffs, <br><br> vs. <br><br> TOPOWER COMPUTER INDUSTRIAL CO., LTD., et al., <br><br> Defendants. | **Case No: C 09-3129 SBA** |

The parties are presently before the Court on Defendants Super Flower Computer Inc. and Tsung-Yen Tsai's Motion to Consolidate Related Cases. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

**I.    BACKGROUND**

   **A.    THE FIRST ACTION – C 08-3584 SBA**

   On July 25, 2008, Plaintiff Topower Computer Industrial Company, Ltd. ("Topower") filed the instant action ("the First Action") accusing Super Flower Computer Inc. ("Super Flower") and various other parties of infringing Patent No. 7,063,549 ("'549 patent"). On November 3, 2008,

| | |
|---|---|
| 1 | Super Flower filed its answer along with a counterclaim alleging that the '549 patent is invalid and |
| 2 | not infringed. Super Flower also alleged separate counterclaims for infringement of two patents |
| 3 | owned by Super Flower, Patent Nos. 7,364,459 ("'459 patent") and 7,187,544 ("'544 patent"). The |
| 4 | case was initially assigned to Magistrate Judge Wayne D. Brazil, but was reassigned to this Court |
| 5 | on June 30, 2009. No trial or pretrial dates have been scheduled in the First Action. |

### B. THE SECOND ACTION – C 09-3129 SBA

On July 10, 2009, Super Flower, now joined by co-plaintiff Tsung Yen Tsai ("Tsai"), filed a new patent infringement action ("the Second Action") against Topower and related entities. See Super Flower Computer, Inc., et al. v. Topower Computer Industrial Co., Ltd., C 09-3129 SBA. In the Second Action, Super Flower realleges infringement of the same patents (i.e., the '459 and '544 patents) against the same parties as the counterclaims in the First Action, except that Tsai (the assignor of the patents) also is named as a co-plaintiff with Super Flower.

On August 19, 2009, the Court related the Second Action to the First Action, pursuant to Civil Local Rule 3-12, and the case was reassigned from Judge Claudia Wilken to this Court. Shortly thereafter, Super Flower filed the instant motion to consolidate both cases, to which Topower has filed an opposition. No dates have been scheduled in the Second Action.

## II. DISCUSSION

Federal Rule of Civil Procedure 42(a) provides that: "If actions before the court involve a common question of law or fact, the court may: [¶] (1) join for hearing or trial any or all matters at issue in the actions; [¶] (2) consolidate the actions; or [¶] (3) issue any other orders to avoid unnecessary cost or delay." "The district court has broad discretion under this rule[.]" See Investors Research Co. v. United States Dist. Ct. for Cent. Dist. of California, 877 F.2d 777, 777 (9th Cir. 1989).

There is substantial overlap with respect to the factual and legal issues presented in the First and Second Actions, which essentially are mirror images of each other. Nonetheless, the Court is not persuaded that consolidation of the actions under Rule 42(a)(2) is proper in this instance. Super Flower's patent infringement claims in the Second Action involve the *same patents* and are alleged against the *same parties* as its counterclaims in the First Action—the only difference being

that Tsai is named as a plaintiff in the Second Action along with Super Flower. As such, the more appropriate and efficient course of action would have been for Super Flower to have sought a stipulation or leave of Court to join Tsai as a party-counterclaimant in the First Action. See Fed.R.Civ.P. 13(h) (permitting joinder of additional parties to a counterclaim "in accordance with the provisions of Rules 19 and 20"). Such a course of action would have obviated the need for Super Flower to file an entirely new action with Tsai joined as a plaintiff, and avoided burdening Topower and the Court with unnecessary motions to relate and consolidate the two cases.

Certainly, given the procedural posture of the First and Second Actions and the claims alleged therein, the Court *could* order the cases consolidated, since they share common questions of law and/or fact. However, consolidation would then necessitate Topower having to file a consolidated amended complaint. In turn, Super Flower would then have to file an answer and counterclaims to the consolidated amended complaint. The same result could be achieved, with less cost and delay, by allowing Super Flower to join Tsai as a party-counterclaimant in its counterclaims filed in the First Action, coupled with the dismissal of the Second Action. Topower contends that before Tsai may be joined in the counterclaims alleged in the First Action, Super Flower should be required to file a motion for compulsory joinder under Rule 19 or permissive joinder under Rule 20. However, Super Flower has provided the Court with no reason why his joinder would be improper under either rule. In addition, based on the allegations presented, it is at least facially apparent that his joinder is permitted under Rule 20.[1]

As noted, the Court has broad discretion under Rule 42, which includes the discretion to issue "orders to avoid unnecessary cost or delay." Fed.R.Civ.P. 42(a)(3). Pursuant to that authority, the Court directs Super Flower to amend its counterclaims to join Tsai as an additional

---

[1] Rule 20(a), which governs the permissive joinder of parties, states that persons may be joined in one action as plaintiffs if (1) a right to relief is asserted by each plaintiff relating to or arising out of the same transaction, occurrence or series of transactions or occurrences and (2) some question of law or fact common to the parties will arise in the action. Fed.R.Civ.P. 20(a). Generally, this rule "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). The requirements of Rule 20 appear to be satisfied, as both Super Flower and Tsai's patent infringement claims in the Second Action are based on the same transactions and occurrences, and will involve commons questions of fact and/or law.

counterclaimant in the First Action. Since that course of action will render consolidation unnecessary and the Second Action superfluous, the Court will dismiss the Second Action.[2] To the extent that Topower desires to challenge the propriety of Tsai's joinder in Super Flower's amended counterclaims, Topower may, after first meeting and conferring with opposing counsel, file an appropriate noticed motion seeking relief from the Court.

## III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Defendants Super Flower Computer Inc. and Tsung-Yen Tsai's Motion to Consolidate Related Cases (Docket 68) is DENIED. The hearing scheduled for December 15, 2009, on said motion is VACATED.

2. By no later than December 9, 2009, Super Flower shall file amended counterclaims in the First Action, with leave to join Tsai as a party-counterclaimant. Any response to the amended counterclaims shall be filed by no later than December 18, 2009.

3. The action styled as <u>Super Flower Computer, Inc., et al. v. Topower Computer Industrial Co., Ltd.</u>, C 09-3129 SBA is DISMISSED without prejudice. The Clerk shall close the file and terminate any pending matters in that docket.

4. The Case Management Conference currently scheduled for December 15, 2009, shall be CONTINUED to **January 28, 2010 at 3:30 p.m.** The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

---

[2] If the cases were consolidated, the Second Action would be closed and all further filings and activity would take place in the First Action. Consequently, the dismissal of the Second Action will not result in any prejudice to any of the parties.

5. This Order shall be filed in both C 08-3584 SBA and C 09-3129 SBA.

IT IS SO ORDERED.

Dated: December 4, 2009

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge